*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2016).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A16-0590**

In re the Matter of:
Verdell Fredrick Borth, petitioner,
Appellant,

vs.

Commissioner, Minnesota Department of Human Services, et al.,
Respondents,

Carver County, et al.,
Respondents.

**Filed February 13, 2017
Affirmed
Bratvold, Judge**

Carver County District Court
File No. 10-CV-15-510

Verdell Fredrick Borth, Chanhassen, Minnesota (attorney pro se)

Lori Swanson, Attorney General, Dominic J. Haik, Jeffrey Bilcik, Assistant Attorney General, St. Paul, Minnesota; and

Mark Metz, Carver County Attorney, Dawn M. O'Rourke, Assistant County Attorney, Chaska, Minnesota (for respondents)

Considered and decided by Stauber, Presiding Judge; Worke, Judge; and Bratvold, Judge.

**BRATVOLD**, Judge

Appellant challenges the district court's order affirming the decision of respondent Commissioner of Human Services (commissioner) to deny medical assistance benefits. Because the commissioner's decision did not prejudice appellant's substantial rights and because the decision was not made based upon a violation of constitutional provisions, in excess of statutory authority or agency jurisdiction, made upon unlawful procedure, affected by other errors of law, unsupported by substantial evidence in view of the entire record as submitted, or arbitrary and capricious, we affirm.

## FACTS

Appellant Verdell Frederick Borth, now age 72, applied for, and received, social security disability insurance (SSDI) benefits in 2004. At that time, Borth did not apply for supplemental security income (SSI) benefits, which resulted "in an open application for SSI." Because Borth did not apply for SSI within 60 days of receiving notice that his SSI inquiry would close, the Social Security Administration (SSA) notified him that his SSI inquiry was closed in 2006.

From 2009 until sometime in 2012, Borth received medical assistance benefits from Carver County Human Services (the agency); the agency terminated Borth's medical assistance benefits in 2012 "for unspecified reasons."

On January 31, 2013, Borth filed a new application for medical assistance benefits. The agency determined that Borth's monthly income at the time was $1,477. Because Borth's income for a household size of one exceeded the $931-income-eligibility limit, the

2

agency concluded that Borth would have to attain eligibility through a "spenddown." A spenddown is a cost-sharing requirement that provides medical assistance eligibility for individuals that spend down excess income by paying certain medical expenses. The agency determined that Borth's payment of medical expenses did not bring him within the applicable income standard. On April 17, 2013, the agency notified Borth that his "MA benefits ha[d] been denied as of October 1, 2012 because his income" exceeded the eligibility limits and he did not attain eligibility through a spenddown.

Borth challenged the agency's decision. The human services judge (HSJ) conducted an evidentiary hearing on September 13, 2013, and held open the record "to receive additional evidence" under Minn. Stat. § 256.0451, subd. 19 (2012). The HSJ received and accepted additional evidence from Borth and closed the record on December 14, 2014.

The HSJ recognized Borth's eligibility for medical assistance based on his age and disability, but recommended that the commissioner affirm the denial of Borth's medical assistance benefits because he did not qualify under the applicable income standards. On February 4, 2015, the commissioner affirmed the denial. Borth then appealed to the district court. The parties agreed that the district court's review was "contingent upon receipt of the record and transcript from proceedings relating to Court File 10-CV-15-669." After receiving the record, the district court affirmed the denial of Borth's benefits on February 8, 2016. This appeal follows.

## D E C I S I O N

State agency hearings are available for "any person" whose application for medical care assistance is denied. Minn. Stat. § 256.045, subd. 3(a)(1) (2016). Any person "aggrieved by an order of the commissioner of human services . . . may appeal the order to the district court of the county responsible for furnishing assistance." Minn. Stat. § 256.045, subd. 7 (2016). "Any party aggrieved by the order of the district court may appeal the order as in other civil cases." Minn. Stat. § 256.045, subd. 9 (2016).

Borth argues that, when reviewing an agency decision, this court applies a de novo standard of review. We agree that this court "review[s] the commissioner's decision independently, giving no deference to the district court's decision." *In re Appeal of Staley*, 730 N.W.2d 289, 293 (Minn. App. 2007). But in conducting its review, this court employs the "standards prescribed in the Minnesota Administrative Procedure Act." *Id*.

Under MAPA, this court may affirm or remand; or it may reverse or modify an agency decision if the "substantial rights" of a petitioner "may have been prejudiced" because the administrative decision was: in violation of constitutional provisions, in excess of statutory authority or agency jurisdiction, made upon unlawful procedure, affected by other error of law, unsupported by "substantial evidence in view of the entire record as submitted," or arbitrary or capricious. Minn. Stat. § 14.69 (2016). "Agency decisions enjoy a presumption of correctness." *Staley*, 730 N.W.2d at 293 (quotation omitted). "The party challenging the agency decision has the burden of proving grounds for reversal." *Shagalow v. State, Dep't of Human Servs.*, 725 N.W.2d 380, 384 (Minn. App. 2006), *review denied* (Minn. Feb. 28, 2007).

4

Borth argues that the district court erred in affirming the agency determination because (1) he qualifies for medical assistance under the "Pickle disregard," (2) the agency should be estopped from denying him medical assistance benefits because it failed to assist Borth in completing an SSI application in 2004, and (3) the agency used the wrong household size in determining his eligibility for medical assistance benefits. Each argument will be discussed in turn. Preliminarily, we note that Borth does not argue a violation of constitutional provisions.

## I.    The Pickle Disregard

The Pickle disregard[1] requires that the agency disregard cost-of-living increases to an applicant's SSDI benefits in determining income for other benefit programs. 42 C.F.R. § 435.135(a) (2015). To qualify for the Pickle disregard, Borth must establish three elements: (1) he receives or is entitled to SSDI; (2) he is eligible for and receiving SSI or Minnesota Supplemental Aid (MSA) in any one month concurrently since April 1977; *and,* (3) he lost eligibility for SSI, or MSA for any reason when SSDI commenced. 42 C.F.R. § 435.135(a)(1)–(3) (emphasis added); *see also* Minn. Stat. § 256B.056, subd. 4(f) (2016); Minn. Dep't of Human Servs., *Health Care Programs Manual* § 21.50.15 (2009). If the Pickle disregard applies to Borth, then he is treated as though he receives SSI and is not subject to a spenddown. Minn. Dept. of Human Servs., *Health Care Programs Manual* § 20.50.15 (2009).

---

[1] The Pickle disregard is named after its congressional sponsor, former Texas representative J.J. Pickle. *N. Broward Hosp. Dist. v. Shalala*, 997 F. Supp. 41, 43 n.2 (D.D.C. 1998), *rev'd*, 172 F.3d 90 (D.C. Cir. 1999).

Borth argues that the agency incorrectly determined his income based on the Pickle disregard because he receives SSDI, and, when he applied for SSDI in 2004, an application for SSI was opened and remained pending. In short, Borth appears to claim that the agency's decision is unsupported by substantial evidence or is affected by an error of law.

The HSJ recognized that Borth met the first element of the Pickle disregard because he receives SSDI, but the HSJ also determined that Borth failed to satisfy the second element. Borth did not show that he was eligible for or received SSI or MSA or otherwise qualified under the program. The HSJ recommended affirmance and the commissioner adopted the HSJ's decision.

Based on our review of the record, the commissioner's decision is not unsupported by substantial evidence in view of the entire record as submitted and we discern no error of law. The record does not reflect that Borth is eligible for the Pickle disregard. Although Borth receives SSDI, he offered no evidence that he was eligible for or received SSI or MSA. Rather, the record shows that Borth never filed an SSI application, contrary to his assertion. In fact, any protected filing period for Borth ended in 2006 because he did not file an SSI application within 60 days of receiving notice that his inquiry would close. We also note that the record shows that Borth received General Assistance (GA) in May 2004, not MSA as he claims. Borth asserts that he was SSI-eligible in previous years, but provided no evidence to support that assertion. Thus, Borth failed to meet the second element of the Pickle disregard and, consequently, cannot meet the related third element.

Because the commissioner's decision was not unsupported by the record evidence and not affected by an error of law, the district court did not err in affirming the

commissioner's decision that Borth did not qualify for medical assistance under the Pickle disregard.

## II.    Estoppel

Estoppel is not freely applied to the government. *Mesaba Aviation Div. of Halvorson of Duluth, Inc., v. County of Itasca*, 258 N.W.2d 877, 880 (Minn. 1977). An appellant "seeking to estop a government agency has a heavy burden of proof." *Brown v. Minn. Dep't of Pub. Welfare*, 368 N.W.2d 906, 910 (Minn. 1985). An appellant must prove that (1) the agency "made representations or inducements," (2) the appellant reasonably relied on those representations, (3) there is some element "of fault or wrongful conduct" on the part of the agency, and (4) the appellant will suffer harm if estoppel is not applied. *Id*. When determining whether estoppel will lie against the government, this "court will weigh the public interest frustrated by the estoppel against the equities of the case." *Id*. Although Borth does not characterize the estoppel issue under the applicable MAPA standard of review, it appears that he contends the commissioner's decision was unsupported by substantial evidence, affected by an error of law, or arbitrary and capricious.

Borth argues that the agency represented that the information he submitted in 2004 to show his eligibility for SSDI also would be sent to the SSA for an SSI application. Borth also claims that he reasonably relied on the agency's representation and the agency did not inform him that he should file an application with the SSA office. Because the agency failed to forward Borth's information to the SSA, Borth argues that the agency's conduct

7

was wrongful, he was harmed, and the agency should be estopped from denying application of the Pickle disregard.

Borth relies on notices sent to him by the agency, as well as a page from the Minnesota Department of Human Services combined manual to support his claim that the agency made the alleged representation. Based on our review of the entire record, however, Borth offered no evidence establishing that the agency represented that it would send information to the SSA on Borth's behalf for an SSI application. Because the agency made no such representation, Borth failed to establish the first element of estoppel, and therefore cannot establish the other three elements. Additionally, we note that the record establishes Borth was notified about his open SSI application and, later, that the application was closed.

Borth also seeks to apply estoppel based on the agency's failure to provide a one-time notice that he may be eligible for Medicaid, and argues that this notice is required by federal law. Borth cites no legal authority extending the application of estoppel to an agency's failure to follow the law. Even so, the notice requirement applies only to individuals eligible for the Pickle disregard. *See* 42 C.F.R. § 435.136(a) (2015) (stating that an agency must provide one-time notice for Medicaid eligibility to individuals who meet requirements of 42 C.F.R. § 435.135 (a) or (c)). Because Borth was not eligible for the Pickle disregard, the agency was not required to provide notice of Medicaid eligibility to Borth. After carefully examining both of Borth's estoppel theories, we conclude that the commissioner's decision was not unsupported by substantial evidence in view of the entire record as submitted, affected by an error of law, nor was it arbitrary and capricious.

8

### III. Household Size

Borth argues that the agency erred because it incorrectly used criteria from the *Health Care Programs Manual* to determine his household size when the agency should have used SSI criteria to make this determination. Borth contends that his household includes his 21-year-old son and thus the correct size is two, which affects his income-eligibility for medical assistance. We note that Borth did not raise this argument to the HSJ or before the district court, thus he forfeited the issue for appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582–83 (Minn. 1988) (holding appellate court "may not consider matters not produced and received in evidence below"). Even so, Borth's argument lacks merit.

First, Borth does not dispute that, assuming the *Health Care Programs Manual* criteria apply, his son would not be included in Borth's household because he is not under 21 years old. Minn. Dep't of Human Servs., *Health Care Programs Manual* § 17.05 (2012). Second, assuming that the SSI criteria apply, we conclude that Borth's son still would not be included in his household. The relevant section provides that a person is considered a child if they "are under 22 years old *and* [they] are *a student regularly attending school* or *college* or *training* that is designed to prepare you for a paying job." 20 C.F.R. § 416.1856 (a)(2) (2016) (emphasis added). Borth's testimony before the HSJ established that his son dropped out of college in 2012, and Borth offered no evidence that his son re-enrolled or was otherwise regularly attending school, college or other training.

Thus, the commissioner's determination of Borth's household size, based upon the manual criteria, is not unsupported by substantial evidence. Moreover, to the extent that we assume the commissioner made an error of law in failing to apply SSI criteria, that error

9

did not prejudice Borth's substantial rights because application of the SSI criteria does not change his household size.

We note that Borth has placed evidence in the record that establishes significant medical issues and that the SSA has determined that he is disabled. These facts alone, however, cannot alter our determination that the commissioner's decision was not in violation of constitutional provisions, in excess of statutory authority or agency jurisdiction, made upon unlawful procedure, affected by other error of law, unsupported by substantial evidence in view of the entire record as submitted, or arbitrary and capricious.

Therefore, the district court did not err in affirming the commissioner's decision to deny medical assistance benefits because Borth does not qualify for the Pickle disregard, Borth failed to offer any evidence that the agency made a representation that would estop it from denying him medical assistance benefits, and the commissioner's determination of Borth's household size was not unsupported by the record and, moreover, did not prejudice his substantial rights. Thus, we affirm the district court.

**Affirmed**.